# United States Tax Court

T.C. Summary Opinion 2023-4

MATHEW DANIEL CRADDOCK AND
CHASTA CRENSHAW CRADDOCK,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 22581-21S.                    Filed January 30, 2023.

————

Mathew Daniel Craddock and Chasta Crenshaw Craddock, pro sese.

*Ashley M. Bender*, *Corey R. Clapper*, *Matthew T. James*, and *Victoria E. Pugh*, for respondent.

## SUMMARY OPINION

LANDY, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated May 4, 2021, the Internal Revenue Service (IRS or respondent) determined a deficiency in petitioners' federal income tax of $4,454 for taxable year 2018 (year in issue). After

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

respondent's concession,[2] the issues remaining for decision are whether petitioners are entitled to deduct (1) car and truck expenses of $14,710 and (2) other expenses of $17,644 for the year in issue. We resolve these questions in respondent's favor.

## *Background*

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in South Carolina when their Petition was timely filed.

## I. *Petitioners' Business Activities*

During the year in issue, Mr. Craddock was employed as a "W-2 wage earner" at Continental Automotive Systems, Inc. (CAS), and Greenville Technical College (GTC). He held a full-time maintenance manager position at CAS and a part-time teaching position at GTC. Mrs. Craddock was not employed during the year in issue.

In addition to being a wage earner whose earnings were reported on Form W–2, Wage and Tax Statement, Mr. Craddock owned and operated an unincorporated business called Industrial Technologies Consulting (ITC). During the year in issue Mr. Craddock traveled throughout South Carolina, North Carolina, Georgia, Tennessee, and West Virginia performing "sales calls" with the purpose of meeting with the maintenance and engineering departments for industrial technology companies to sell his consulting and industrial maintenance education and training services. Mr. Craddock sold two training courses during the year in issue.

In tax year 2018, Mr. Craddock owned a Ford F–150 truck that he used in his consulting business but also in commuting to and from his employment at CAS and for personal errands. Routinely, Mr.

---

[2] In his Pretrial Memorandum, filed August 15, 2022, respondent asserted that petitioners were not engaged in a trade or business with the intent to generate a profit during the year in issue, and therefore the deductions claimed relating to Mr. Craddock's consulting activities should be limited to the amount of gross receipts reported on the return under section 183. Although this issue was raised during the examination, it was not incorporated into the notice of deficiency mailed to petitioners, and respondent failed to raise this issue in his Answer. On August 26, 2022, respondent filed a Status Report apprising the Court that he is unable to determine why the issue was not included in the notice of deficiency, and he, therefore, conceded the issue. At trial, respondent confirmed his concession.

Craddock drove his truck to work at CAS and left CAS to conduct a sales call or other consulting activities.

II.  *Petitioners' Tax Return for the Year in Issue*

Petitioners timely filed (with the assistance of a paid preparer) Form 1040, U.S. Individual Income Tax Return, for the year in issue. They reported wages paid by CAS and GTC to Mr. Craddock totaling $79,956; taxable refunds, credits, or offsets of state and local income taxes of $2,850; and a business loss of $33,104 from ITC, which they detailed on a Schedule C, Profit or Loss From Business, attached to the return.

On Schedule C petitioners reported gross receipts or sales of $1,000 for the two training courses Mr. Craddock sold and total expenses of $34,104. The expenses consisted of $14,710 in car and truck expenses, $209 in depreciation and section 179 expenses, $180 in legal and professional services, $361 in taxes and licenses, and $18,644 in other expenses. The other expenses consisted of the following:

| Description | Amount | Description | Amount |
|---|---|---|---|
| Cell Phone | $1,440 | Printer Ink | $210 |
| Medical | $2,268 | Charitable Contributions | $3,420 |
| Uniforms | $380 | Postage | $961 |
| Event Catering | $279 | Goodwill Charitable Contributions | $1,750 |
| Fuel | $6,325 | Medical Supplies and Medical Prescriptions | $524 |
| Tolls/Parking | $727 | Internet | $360 |

Ultimately, petitioners claimed a refund of $8,829 on their 2018 Form 1040.

III.  *IRS Examination and Determination*

The IRS selected petitioners' 2018 Form 1040 for examination and issued a notice of deficiency disallowing their claimed deduction of

$14,710 for car and truck expenses and $17,644 of the $18,644 claimed deduction for other expenses.

IV.     *Tax Court Proceedings*

On June 21, 2021, petitioners petitioned this Court for redetermination of the deficiency. A trial was held on September 6, 2022, in Columbia, South Carolina.

At trial Mr. Craddock testified that he incurred car and truck expenses for business miles driven using his Ford F–150 truck. To substantiate the expenses, petitioners provided a mileage log that Mr. Craddock testified was made contemporaneously with his business travel. The mileage log lists the start and end dates, description, purpose, start and end locations, and start and end mileage for trips made in the truck. The mileage log accounts for every mile driven in the truck for the year in issue, including the miles driven for personal use, but does not specifically break down the mileage as business or personal.

To substantiate the other expenses, petitioners provided statements from a Wells Fargo joint personal checking account (bank statements) with specific charges highlighted and labeled "tolls," "car parts," "fuel," or "insurance" as business expenses. From the bank statements, these labeled charges reflect $643.50 for tolls, $1,864.22 for car parts, $5,190.40 for fuel, and $917 for insurance. Petitioners did not submit any receipts or other documentation and did not provide any testimony to substantiate the cell phone, medical, uniform, event catering, printer ink, charitable contributions, postage, Goodwill charitable contributions, medical supplies and prescriptions, or internet expenses.

*Discussion*

I.     *Burden of Proof*

In general, respondent's determinations set forth in a notice of deficiency are presumed correct, and the taxpayers bear the burden of proving that the determinations are in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[3] Deductions are a matter of

[3] Pursuant to section 7491(a), the burden of proof may shift to respondent if petitioners introduce credible evidence with respect to any factual issues relevant to ascertaining petitioners' tax liability. Petitioners do not assert, and the evidence does

legislative grace, and the taxpayers bear the burden of proving that they are entitled to any deduction claimed. *See Deputy v. du Pont*, 308 U.S. 488, 493 (1940); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

II.    *Governing Legal Principles*

Section 162(a) permits taxpayers to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Taxpayers are required to maintain books and records sufficient to establish income and deductions. § 6001; Treas. Reg. § 1.6001-1(a), (e). If taxpayers establish that an expense is deductible but are unable to substantiate the precise amount, the Court may estimate the allowable amount (*Cohan* rule). *See Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930). In estimating, we bear heavily against taxpayers "whose inexactitude is of [their] own making." *Id.* at 544. Taxpayers must present sufficient evidence to permit the Court to make an estimate. *Williams v. United States*, 245 F.2d 559, 560–61 (5th Cir. 1957); *Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985).

Section 274(d) overrides the *Cohan* rule for certain expenses. *See Sanford v. Commissioner*, 50 T.C. 823, 827–28 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969); Treas. Reg. § 1.274-5(c)(2)(iii); Temp. Treas. Reg. § 1.274-5T(a). Under section 274(d), taxpayers must meet stricter substantiation requirements to deduct certain expenses under section 162, including expenses for the use of listed property as defined in section 280F(d)(4), such as passenger automobiles.

To meet the heightened substantiation requirements, taxpayers must substantiate by adequate records or by sufficient evidence corroborating their own statements (1) the amount of the expense, (2) the time and place of the expense or use of listed property, (3) the business purpose of the expense or use, and (4) the business relationship. § 274(d). Even if the expense would otherwise be deductible before the enactment of section 274(d), section 274(d) may still preclude a deduction if the taxpayers do not present sufficient substantiation. Temp. Treas. Reg. § 1.274-5T(a).

To substantiate car and truck expenses through adequate records, taxpayers must maintain a contemporaneous log, trip sheet, or

not establish, that the burden of proof should be shifted to respondent pursuant to section 7491(a).

similar record, as well as corroborating documentary evidence, that together establish each required element of the expense. *See* Temp. Treas. Reg. § 1.274-5TI(2)(i) and (ii). In the absence of adequate records, taxpayers must establish each required element by "[their] own statement, whether written or oral, containing specific information in detail as to such element" and by "other corroborative evidence sufficient to establish such element." *See id*. subpara. (3)(i).

III.    *Car and Truck Expenses*

Petitioners deducted car and truck expenses in connection with Mr. Craddock's business and submitted a mileage log to substantiate these expenses. Car and truck expenses are subject to the strict substantiation requirements of section 274(d), and petitioners' mileage log is inadequate to meet the strict substantiation requirements, particularly when compared to petitioners' bank statements and testimony at trial.

For several reasons, we do not find the mileage log credible:

- The mileage log accounts for every mile driven using the truck for the year in issue, but Mr. Craddock testified at trial that the truck was driven for both personal and business use, including trips from petitioners' home to Mr. Craddock's employment at CAS and for personal errands.

- The mileage log reflects that Mr. Craddock was in two states simultaneously. For instance, the mileage log shows a trip from "home" in South Carolina to Columbus, Georgia, on November 11–14, 2018, but also shows a trip from "home" to Fletcher, North Carolina, on November 13, 2018. When asked about this discrepancy at trial, Mr. Craddock testified that he "may have wrote [sic] the wrong date down."

- Moreover, the mileage log shows that Mr. Craddock was on a trip in one state while the bank statements show a fuel purchase, for which he seeks a deduction, in another state. Mr. Craddock failed to articulate a reason for the discrepancies. These discrepancies include but are not limited to:

| Date on Mileage Log | Location on Mileage Log | Date on Bank Statement | Location of Fuel Charge |
|---|---|---|---|
| 4/22/2018 – 4/24/2018 | Henderson, North Carolina | 4/23/2018 | Piedmont and Greenville, South Carolina |
| 5/14/2018 – 5/17/2018 | Morgantown, West Virginia | 5/15/2018 | Greenville, South Carolina |
| 8/1/2018 – 8/3/2018 | Beaufort, South Carolina | 8/2/2018 | Simpsonville, South Carolina |
| 8/24/2018 – 8/27/2018 | Murfreesboro, Tennessee | 8/27/2018 | Macon and Dacula, Georgia |
| 11/11/2018 – 11/14/2018 | Columbus, Georgia | 11/13/2018 | Greenville, South Carolina |
| 12/17/2018 – 12/19/2018 | Morgantown, West Virginia | 12/18/2018 | Greenville, South Carolina |

- Despite a considerable number of mileage log entries showing Mr. Craddock was in another state for multiple days, Mr. Craddock did not provide any additional testimony or other evidence to corroborate his presence in another state on the dates listed. Mr. Craddock testified he would use cash to make fuel purchases when out of state but could not remember where he would have stayed when on overnight trips, other than staying at a hotel or camping.

- Further, though the mileage log reflects numerous trips from South Carolina to other states, there were only three fuel charges on the bank statements that were made outside of South Carolina. Two of these charges, both dated August 27, 2018, show that gas was purchased in Macon, Georgia, and Dacula, Georgia; however petitioners' mileage log shows that Mr. Craddock was at a "training" session in Murfreesboro, Tennessee, on August 27, 2018. The third charge was made on

December 3, 2018, in Piedmont, Georgia,[4] and there is no corresponding entry on the mileage log for that day.

Even if the Court determined that the mileage log was credible, it alone would not be sufficient to meet the strict substantiation requirements in section 274(d). To substantiate the expenses, petitioners would additionally need to provide corroborating documentary evidence to establish the required elements of the expense. *See* Temp. Treas. Reg. § 1.274-5T(c)(2)(i) and (ii). In addition to the mileage log, petitioners submitted their bank statements and testimony at trial. As outlined above, the bank statements contradict more of the trips on the milage log than they corroborate. Therefore, the bank statements are not sufficient to corroborate the amount or time and place of the car and truck expenses listed in the mileage log.

This Court is not bound to accept petitioners' self-serving, unverified, and undocumented testimony. *See Shea v. Commissioner*, 112 T.C. 183, 188–89 (1999) (citing *Tokarski v. Commissioner*, 87 T.C. 74, 77 (1986)). The Court does not find petitioners' testimony, specifically that of Mr. Craddock, to be credible or provide sufficient details to corroborate the mileage log. Therefore, petitioners' testimony is not sufficient to corroborate the amount, time and place, or business purpose of the trips listed in the mileage log.

Additionally, Mr. Craddock testified at trial that he would drive his truck from his home to work at CAS, and that he would make stops for personal errands while making the trips that are also documented on the mileage log. In general, the cost of daily commuting to and from work is a nondeductible personal expense. *See Commissioner v. Flowers*, 326 U.S. 465, 473–74 (1946); Treas. Reg. § 1.162-2(e). However, "[u]nreimbursable transportation expenses incurred between two places of business are deductible." *Gilliam v. Commissioner*, T.C. Memo. 1986-90, 51 T.C.M. (CCH) 567, 572 (citing *Steinhort v. Commissioner*, 335 F.2d 496, 503–05 (5th Cir. 1964), *aff'g and remanding* T.C. Memo. 1962-233). To prevail, petitioners must first prove that their vehicle mileage arises from deductible business-related travel rather than nondeductible commuting. *Patitz v. Commissioner*, T.C. Memo. 2022-99. Petitioners have failed to do so.

---

[4] The bank statements petitioners provided specifically state a fuel charge of $20 was incurred at Ingles Gas Express in Piedmont, Georgia, not Piedmont, South Carolina. Mr. Craddock provided no testimony to refute this stated charge.

Mr. Craddock's travel from his home to CAS and for his personal errands is not deductible business-related travel but part of his nondeductible commuting. At trial, Mr. Craddock was unable to state which days he went to CAS or simply completed personal errands during these trips to permit the Court to distinguish his nondeductible commuting from his business trips. Therefore, the Court is unable to determine what portion of the mileage petitioners claimed would be attributable to personal or nonreimbursable transportation expenses and what portion, if any, would be for deductible business-related travel.

In sum, petitioners have not met the strict substantiation requirements under section 274(d). They failed to provide adequate records or sufficient evidence to establish the amount of expenses incurred, the time and place of the truck's use, the business purpose of its use, or the business relationship. *See* § 274(d); Temp. Treas. Reg. § 1.274-5T(a). Therefore, respondent's disallowance of the deduction for car and truck expenses is sustained.

IV.  *Other Expenses*

Petitioners deducted other expenses for a cell phone, medical, uniforms, event catering, fuel, tolls and parking, printer ink, charitable contributions, postage, Goodwill charitable contributions, medical supplies and prescriptions, and internet in connection with Mr. Craddock's business. To substantiate their other expenses, petitioners provided bank statements for certain charges that were highlighted and had descriptions noted next to them.

A.  *Fuel, Tolls, and Parking Expenses*

Petitioners deducted $6,325 in fuel and $727 in tolls and parking. These other expenses for fuel and tolls appear to duplicate the car and truck expenses discussed above. Furthermore, whether they are categorized as car and truck expenses or other expenses, petitioners must meet the strict substantiation requirements under section 274(d) for these expenses. The bank statements petitioners submitted show total charges of $5,190.40 in fuel, $643.50 in tolls, and zero for parking. These bank statements are insufficient to substantiate the fuel and toll expenses for several reasons.

Many of the charges for fuel occurred on a day that does not have a corresponding trip in the mileage log.[5] Petitioners' testimony provided no basis for the Court to determine whether the fuel expenses incurred were business-related or personal expenses related to transportation to Mr. Craddock's employment at CAS. Similarly, Mr. Craddock testified at trial that he took a toll road between his home and work at CAS but provided no evidence to substantiate that the charges for tolls on the bank statement were made for business purposes and not nondeductible commuting. Petitioners have not established that these expenses were ordinary and necessary business expenses or provided the Court with corroborative evidence showing sufficient detail to meet the heightened substantiation requirements entitling them to a deduction. *See* Temp. Treas. Reg. § 1.274-5T(c)(2)(i) and (ii); *see also Commissioner v. Flowers*, 326 U.S. at 473–74. Therefore, respondent's disallowance of these deductions is sustained.

B. *Remaining Other Expenses*

Regarding the remaining other expenses for a cell phone, medical, uniforms, event catering, printer ink, charitable contributions, postage, Goodwill charitable contributions, medical supplies and prescriptions, and internet, petitioners did not offer documentary evidence or testimony to substantiate the business usage or purpose for these expenses. Petitioners also were unable to explain how they arrived at the amounts of these expenses. Without such evidence the Court does not have a reasonable basis to estimate the amounts of the expenses related to business use. *See Cohan v. Commissioner*, 39 F.2d at 543–44; *Arnold v. Commissioner*, T.C. Memo. 2007-168, 2007 WL 1837120, at *4. Accordingly, respondent's disallowance of a deduction for each of the above-mentioned remaining other expenses is sustained.

To reflect the foregoing,

*Decision will be entered for respondent.*

---

[5] For the year in issue, these charges occurred on: January 18 and 30; February 12, 13, 15, 26; March 2 (three charges), 6, 8, 12 (two charges), 14, 23, 28, 30; April 6 (two charges), 19; May 8, 10, 18; June 18, 21; July 5 (two charges), 17, 19, 30, 31; August 14, 28, 29, 31; September 4, 7, 20, 24, 26, 28; October 2, 15, 18, 22 (two charges), 26; November 20, 26 (three charges); December 3 (two charges), 4, 26, 31.